**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, | |
| Plaintiff, | Case No. 2:17-cv-00676-RWS-RSP |
| v. | |
| INTEL CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**IP BRIDGE'S MOTION TO RECONSIDER ORDER GRANTING**
**INTEL'S MOTION TO TRANSFER TO THE DISTRICT OF OREGON (Dkt. No. 157)**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................................................................... 1

II.    PROCEDURAL HISTORY............................................................................................ 2

III.    RELEVANT LEGAL STANDARDS ............................................................................ 3

    A.    Motions for Reconsideration.................................................................................. 3

    B.    Review of By District Court of Non-Dispositive Matters ...................................... 4

    C.    Motions to Transfer Venue for Convenience........................................................... 5

IV.    ARGUMENT .................................................................................................................. 5

    A.    Reconsideration Is Necessary To Correct Clear Errors of Law.............................. 5

        1.    The Court Clearly Erred in Applying *De Novo* Review to Magistrate Judge Payne's Findings on the Convenience of Willing Witnesses When the Governing Statute Requires Deferential Review ........................................... 6

        2.    The Court Clearly Erred by Failing to Follow Binding Fifth Circuit Precedent on the Assessment of the Convenience of Willing Witnesses ........................ 8

        3.    The Court Clearly Erred By Also Applying *De Novo* Review to Magistrate Judge Payne's Weighing of the Convenience Factors ................................... 11

        4.    The Court Clearly Erred by Granting Intel's Motion, Having Not Found That Intel Had Demonstrated That The District of Oregon is *Clearly* More Convenient................................................................................................... 13

    B.    Reconsideration Also Is Appropriate Because The Court's Order Subverts the Important Role That Magistrate Judges Play and the Purpose Behind the Federal Magistrates Act ................................................................................................... 14

V.    CONCLUSION........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
No. 2:17-cv-000513-JRG, 2018 WL 2329752 (E.D. Tex May 23, 2008) .............................10

*In re Benjamin Moore & Co.*,
318 F.3d 626 (5th Cir. 2002) ..................................................................................................4

*Cupit v. Whitley*,
28 F.3d 532 (5th Cir. 1994) ....................................................................................................9

*Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*,
No. 2:15-CV-00037-RWS, 2017 WL 4693513 (E.D. Tex. July 19, 2017) .................... *passim*

*Freeman v. Cty. of Bexar*,
142 F.3d 848 (5th Cir. 1998) ..................................................................................................9

*In re Genentech*,
566 F.3d 1338 (Fed Cir. 2009) ...........................................................................................8, 9

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd., et al.*,
No. 2:16-cv-00134 (E.D. Tex.), Dkt. No. 1 ..........................................................................12

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) .................................................................................................................5

*Haines v. Liggett Grp., Inc.*,
975 F.2d 81 (3d Cir. 1992) ...............................................................................................7, 12

*Hill v. SmithKline Beecham Corp.*,
393 F.3d 1111 (10th Cir. 2004) ............................................................................................13

*In re HP, Inc.*,
Case No. 2018-149 (Fed. Cir. Sept. 25, 2018) ...................................................2, 10, 11, 14

*Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*,
No. 6:08-cv-286 ......................................................................................................................5

*Moore v. Ford Motor Co.*,
755 F.3d 802 (5th Cir. 2014) ...........................................................................................4, 7, 12

*Personalized Media Commc'ns, LLC v. Zynga, Inc.*,
No. 2:12-CV-00068-JRG-RSP, 2013 WL 12147661 (E.D. Tex. July 22, 2013) ....................4

*Peteski Products Inc. v. Rothman*,
No. 5:17-vb-00122-JRG, 2017 WL 8943154 (E.D. Tex. Nov. 13, 2017) ..............................10

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
119 F.3d 1559 (Fed. Cir. 1997)..........................................................................................14

*Seven Networks, LLC v. Google LLC*,
No. 2:17-cv-00442-JRG, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) ..............................10

*In re Toyota*,
747 F.3d 1338 (Fed. Cir. 2014)..........................................................................................14

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008)............................................................................................5

*In re Vistaprint Ltd.*,
628 F.3d 1342 (Fed. Cir. 2010)..........................................................................................14

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ..................................................................................... *passim*

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (en banc) ...............................................................................5

**Statutes**

28 U.S.C. § 636 (b)(1) .......................................................................................................15

28 U.S.C. § 636(b)(1)(A).......................................................................................1, 4, 6, 12

28 U.S.C. § 636 (b)(1)(B).....................................................................................................6

**Other Authorities**

Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3069....................................................15

Fed. R. Civ. P. 1.................................................................................................................15

Fed. R. Civ. P. 72(a).............................................................................................1, 4, 6, 13

Fed. R. Civ. P. 72(b) ...........................................................................................................6

## I.      INTRODUCTION

In order to correct clear errors of law, Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") respectfully requests reconsideration of the Court's Order (Dkt. No. 157) ("Order") transferring this matter to the District of Oregon.

Defendant Intel Corporation's ("Intel") alternative Section 1404(a) motion to transfer venue was non-dispositive.  As such, this Court could reverse Magistrate Judge Payne's findings that Intel had failed to carry its burden and denying Intel's motion, only if they were "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a).  This Court did not apply that standard of review.  Instead, this Court applied to Judge Payne's findings on that non-dispositive motion to transfer the same *de novo* review that it applied to Judge Payne's Report & Recommendation ("Report") on Intel's dispositive motion to dismiss.  Using the wrong standard of review was clear error, justifying reconsideration.

The Court's application of the incorrect standard of review was compounded by two additional manifest errors.  First, the Court erred by refusing to consider the convenience of IP Bridge's third party witnesses absent a showing they would be willing to testify, and by failing to consider the convenience of IP Bridge's party witnesses.  In doing so, the Court failed to follow binding Fifth Circuit precedent that the convenience of *all* parties and witnesses must be considered.  *See, e.g.*, *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) ("*Volkswagen* I").  Second, even assuming the Court's findings as to the convenience of willing witnesses were proper and correct, still the Court erred in ordering transfer because the Court did not find, and it could not have found given the other factual findings, that Intel met its heavy burden of showing that the District of Oregon was the *clearly* more convenient venue.  Applying the correct legal standards

would have resulted in affirming Judge Payne's carefully considered opinion, reached after six rounds of briefing, submission of voluminous evidence, and an hours-long hearing.[1]

A *de novo* review of both dispositive rulings and non-dispositive pretrial rulings on transfer, not only misapplies the law, it also upsets the balance Congress struck in enacting the Federal Magistrates Act, and frustrates the important role that magistrate judges play in this District and elsewhere. As such, IP Bridge respectfully requests this Court reconsider and correct its ruling.

## II.   PROCEDURAL HISTORY

Intel filed its Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the District of Oregon on December 7, 2017. The parties submitted six rounds of briefing—an opening, response, reply, sur-reply, sur-sur-reply, and sur-sur-sur-reply—and 130 exhibits concerning Intel's Motion. *See* Dkt. Nos. 21, 52, 59, 64, 67, 68. Judge Payne held a lengthy hearing on August 8, 2018, at which the parties presented argument on Intel's Motion.

On August 20, 2018, Judge Payne issued his Report denying Intel's Motion, finding both that venue was proper in this District, and that Intel had failed to show that the District of Oregon was clearly more convenient. Dkt. No. 131. With respect to Intel's Section 1404(a) motion to transfer, Judge Payne considered and weighed each of the public and private interest factors, finding that three weighed against transfer, two weighed for transfer, and the rest were neutral. *Id.* at 7-19. Then, weighing his factual findings as to those eight factors, Judge Payne found that Intel failed to carry its heavy burden with respect to transfer for reasons of convenience. *Id.* at 18.

Intel objected to Judge Payne's Report on September 12 and challenged Judge Payne's findings as to only three of the private interest factors: (1) relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; and (3) all other practical problems that

---

[1] As discussed *infra* Section IV.A.2, this case, in which Judge Payne found that three factors weighed in favor of this District, is unlike *In re HP, Inc.*, in which the district court found that no convenience factors weighed in favor of this District. No. 2018-149, slip op. 5 (Fed. Cir. Sept. 25, 2018).

make a trial easy, expeditious and inexpensive (*i.e.*, judicial economy).   Dkt. No. 142.   On September 26, IP Bridge timely responded to Intel's objections.  Dkt. No. 155.

Two days later, on September 28, this Court issued its Order denying Intel's motion to dismiss for improper venue but granting Intel's alternative non-dispositive motion to transfer venue.  In its analysis, the Court stated that it was reviewing *de novo* the portion of Judge Payne's findings to which Intel had objected.  Dkt. No. 157 at 1.  Applying *de novo* review, the Court overruled Intel's objections to Judge Payne's findings on two of the private interest factors for transfer.  *Id.* at 2-3.  On the third factor, the cost of attendance for willing witnesses, however, after discounting IP Bridge's relevant third party witnesses because IP Bridge "had not indicated that their third party witnesses would be willing to testify," the Court found that the factor weighed "slightly" in favor of transfer "if at all."  *Id.* at 2.  In addition, the Court's Order characterized the Report as finding that the convenience factors presented "a close call," although the Report did not characterize its findings that way.  Importantly, the page of the Report the Court cited to in support of that characterization contained a counting error as to how many factors weighed against transfer.  *See* Dkt. No. 157 at 2; Dkt. No. 131 at 18 (stating that two factors weighed against transfer, despite analysis finding that three factors weighed against transfer); *see infra.* Sec. IV.A.3.  Finally, this Court found that the convenience factors favored transfer and ordered the case transferred to Oregon, but did not make any finding either that (1) Judge Payne's Report was clearly erroneous or contrary to law or (2) Intel had met its burden of showing that the District or Oregon was the ***clearly*** more convenient venue.  Dkt. No. 157 at 3.

## III.    RELEVANT LEGAL STANDARDS

### A.    Motions for Reconsideration

There are three grounds that permit a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to

correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

**B.      Review of By District Court of Non-Dispositive Matters**

A magistrate judge may be designated to "hear and determine any pretrial matter pending before the court," expressly defined to exclude several categories of case-dispositive motions, but not motions to transfer.   28 U.S.C. § 636(b)(1)(A), A district judge "may reconsider" any magistrate decision on such "pretrial matter[s]" where "the magistrate judge's order is clearly erroneous or contrary to law." *Id.*   Similarly, Rule 72(a), FED. R. CIV. P., provides (emphasis added):

> When a pretrial matter ***not dispositive*** of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is ***clearly erroneous or is contrary to law***.

In the Fifth Circuit, "[a] magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' Accordingly, we review 'factual findings under a clearly erroneous standard,' while 'legal conclusions are reviewed *de novo*.'"  *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citations omitted); *see also Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-CV-00068-JRG-RSP, 2013 WL 12147661, at *1 (E.D. Tex. July 22, 2013) ("The district judge applies a 'clearly erroneous' standard to the magistrate judge's factual conclusions, a 'contrary to law' standard to his legal conclusions, and an 'abuse of discretion' standard to the 'numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters.'") (citation omitted).

### C.      Motions to Transfer Venue for Convenience

Motions to transfer venue under Section 1404(a) for convenience are non-dispositive.  *See Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS, 2017 WL 4693513, at *13 (E.D. Tex. July 19, 2017).

The Federal Circuit applies regional circuit law in reviewing orders on motions to transfer under Section 1404(a).  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

In the Fifth Circuit, motions to transfer under Section 1404(a) are granted only if "the movant demonstrates that the transferee venue is clearly more convenient."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen* II").  The Fifth Circuit has characterized the movant's burden of showing good cause to transfer as "significant."  *Id.* at 314, n.10.  Similarly, as the Supreme Court has explained, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Where the movant has not met its burden, "a plaintiff's choice of venue must be respected . . . ."  *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 781134, at *1 (E.D. Tex. Mar. 23, 2009) (citing *Volkswagen* II, 545 F.3d at 314 n.10).

## IV.    ARGUMENT

### A.      Reconsideration Is Necessary To Correct Clear Errors of Law

The Court's Order made the following four clear errors of law, each of which independently warrants reconsideration:  (1) the Court's application of *de novo* review to Judge Payne's findings as to the convenience of willing witnesses, defying the governing statute; (2) the Court's discounting of IP Bridge's third party witnesses and failure to consider the convenience of its party witnesses in contravention of binding Fifth Circuit precedent; (3) the Court's application of *de novo* review to Judge Payne's weighing of all convenience factors; and (4) the Court's ordering transfer to the District of Oregon even though the Court did not find, and the

evidence does not support a finding, that Intel has demonstrated that the District of Oregon is the *clearly* more convenient venue.   Reconsideration is necessary and appropriate to remedy these errors of law.   Application of the appropriate legal standards would result in Intel's motion to transfer being denied.

> **1.    The Court Clearly Erred in Applying *De Novo* Review to Magistrate Judge Payne's Findings on the Convenience of Willing Witnesses When the Governing Statute Requires Deferential Review**

Instead of reviewing Judge Payne's findings concerning the convenience of willing witnesses under the "clearly erroneous or contrary to law" standard applicable to non-dispositive matters, *see, e.g.*, 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a), the Court reviewed those findings *de novo*.   The Court made clear the standard of review that it was applying at the outset of its Order:  "The Court reviews *de novo* the portions of the Magistrate Judge's findings to which Intel has raised objections."   Dkt. No. 157 at 1 (citing 28 U.S.C. § 636 (b)(1)).   But the *de novo* standard of review is applied only to dispositive matters, not non-dispositive ones.   *Compare* 28 U.S.C. § 636 (b)(1)(A) *with* 28 U.S.C. § 636 (b)(1)(B); *compare* FED. R. CIV. P. 72(a) *with* FED. R. CIV. P. 72(b).   A motion to transfer venue under Section 1404(a) is non-dispositive, and a magistrate judge's findings as to it are reviewed by the district court for clear error or contravention of law.  *See Elbit Sys.*, 2017 WL 4693513, at *13.

Judge Payne, in exercising his properly delegated authority, made factual findings regarding, among other things, the cost of attendance for identified willing witnesses, after the benefit of six rounds of briefing, voluminous evidentiary submissions, and comprehensive oral argument.   In particular, Judge Payne found, after assessing and weighing the evidence submitted by the parties concerning both party and non-party witnesses, the cost of attendance for willing witnesses weighed slightly against transfer.   Dkt. No. 131 at 12-15.

The Court did not find that Judge Payne's findings were clearly erroneous or contrary to law.   Indeed, this Court found only one point of disagreement with Judge Payne's analysis.   In

particular, the Court stated that "[c]ourts do not *usually* consider the cost or convenience of a third-party witness's attendance without an indication that they are willing to testify" and then found this factor to weigh "if at all, slightly in favor" of transfer because IP Bridge purportedly did not indicate that its third party witnesses would be willing to testify.  Dkt. No. 157 at 2 (emphasis added).  Even if courts *usually* do not consider third party witnesses not shown to be willing to testify, it was not clearly erroneous or contrary to law for Judge Payne to give weight to the cost of attendance for identified relevant third party witnesses—nor was there any finding by this Court of such clear error or contravention of law.

Judge Payne's factual findings on this factor were entitled to deference under the "clearly erroneous or contrary to law" standard, and this Court clearly erred by setting them aside having not found them to be clearly erroneous or contrary to law.  *See, e.g.*, *Moore*, 755 F.3d at 806 ("A magistrate judge's non-dispositive order may *only* be set aside if it 'is clearly erroneous or is contrary to law.'") (citation omitted; emphasis added); *see also Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("Under [35 U.S.C. § 636](b)(1)(A), the standard of review is circumscribed: The district court is bound by the clearly erroneous rule in findings of facts.").  Indeed, Judge Payne's findings on this factor were supported by substantial evidence following a measured analysis, and were consistent with binding Fifth Circuit precedent.[2]  Accordingly, IP Bridge respectfully requests reconsideration of the Court's Order to correct the Court's clear error of law.

---

[2] In its briefing, IP Bridge demonstrated that there are numerous third parties likely to have relevant, specified evidence, that reside in or near this District—most of whom, importantly, are within the subpoena power of this Court, such that if they end up being not willing to testify, they can be subpoenaed by this Court to provide testimony.  *See* Dkt. Nos. 52 at 7, 17-19, 22- 24; 59 at 8-9; *see also Elbit*, 2017 WL 4693513, at *("[T]here is no requirement that the movant demonstrate that the witness has anything more than relevant and material information.").  IP Bridge already has subpoenaed a number of third parties closer to this District than to District or Oregon, including Texas Instruments and Dell, Intel's largest customer, both of whom reside and are headquartered in Texas, and both of whom are subject to the trial subpoena power of the Eastern District of Texas but not the District of Oregon, in the event they are unwilling to testify.

## 2.      The Court Clearly Erred by Failing to Follow Binding Fifth Circuit Precedent on the Assessment of the Convenience of Willing Witnesses

This Court contravened Fifth Circuit precedent by discounting the convenience of IP Bridge's third party witnesses and failing to consider the convenience of its party witnesses.

Courts in the district recognize that in analyzing the cost of attendance, "all parties and witnesses must be considered." *Elbit Sys.*, 2017 WL 4693513, at \*9 (citing *Volkswagen* I, 371 F.3d at 204); *see also Volkswagen* I, 371 F.3d at 204 ("Given the broad generic applicability of the term 'parties' and the term 'witnesses,' such terms contemplate consideration of the parties and witnesses in all claims and controversies properly joined in a proceeding.").

In *Volkswagen* I, the Fifth Circuit found that it was erroneous not to consider the convenience of several third party witnesses in the proposed transferee forum, despite the absence of any finding that any of those third parties was willing to testify:

> Similarly, the numerous fact witnesses, including San Antonio policemen, San Antonio emergency medical personnel, San Antonio hospital personnel, San Antonio treating physicians, and several eyewitnesses and other persons who assisted at the collision scene— all of whom live in and around the San Antonio metropolitan area— should have been considered as 'witnesses' whose convenience would be substantially improved by a trial of these claims in San Antonio rather than in Marshall, Texas.

*Volkswagen* I, 371 F.3d at 204.  Importantly, the moving party did not assert, let alone show, that its third party witnesses were willing to testify at trial.  *See* Radsch Decl. Ex. A (movant's motion to transfer venue); *see also id.* Ex. B (responsive brief).  Nevertheless, the Fifth Circuit held that it was error for the district court not to consider their convenience.  *See Volkswagen* I, 371 F.3d at 204.[3]  Similarly, in *In re Genentech*, applying Fifth Circuit law, the Federal Circuit held that petitioner's identification of non-party witnesses in the proposed transferee forum weighed in

---

[3] Indeed, completely to the contrary, the moving party had asserted that those third party witnesses had been subpoenaed in the State's case, suggesting that those third parties might not appear voluntarily to testify. *Id* at 8.

favor of transfer.  566 F.3d 1338, 1343-44 (Fed. Cir. 2009).  The Federal Circuit reached that

conclusion without making any finding that those non-party witnesses were willing, *see id.*, and

again, the moving party made no such assertion in its briefing to the Federal Circuit or district

court.  *See* Radsch Decl., Exs. C-G.  IP Bridge is unaware of any Fifth Circuit precedent requiring

that a non-party witness be shown to be willing to testify to be considered in this factor.

This Court, however, discounted the cost of attendance for IP Bridge's numerous third

party witnesses, because IP Bridge had not affirmatively shown them to be willing to testify.  Dkt.

No. 157 at 2.  That was clear error because it contravened binding Fifth Circuit precedent, which

requires consideration of non-party witnesses without imposing any preliminary showing that they

are willing to testify.  *See Volkswagen* I, 371 F.3d at 204; *see also Genentech*, 566 F.3d at 1343-

44; *Elbit Sys.*, 2017 WL 4693513, at *9.  IP Bridge had no reason to make such a showing because

the Fifth Circuit has never required such a showing and Intel never argued that such a requirement

exists or that such a showing must be made.[4]  *See* Dkt. Nos. 21, 59, 67.  Judge Payne was well

within his discretion in determining that the identified third parties were appropriate witnesses to

consider, and in giving those witnesses due weight in the analysis.

By discounting IP Bridge's non-party witnesses under the willing witnesses factor without

due consideration of Judge Payne's other factual findings, the Court improperly removed third

parties from the convenience analysis altogether.  That is because Judge Payne, in considering the

availability of compulsory process to secure attendance of unwilling witnesses, determined not to

give weight to the parties' identified third parties because neither party had shown those third

parties to be unwilling, and so found that factor neutral.  Dkt. No. 131 at 10-12.  Instead, Judge

---

[4] "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998); *see also Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (holding that a party waived a legal argument by failing to raise it before the magistrate judge).

Payne considered those witnesses under the cost of attendance for willing witnesses. *Id.* at 13-15. This Court, however, treated those third parties as "unwilling" witnesses, contrary to Judge Payne's findings, but did not then consider how that change impacted the analysis of the availability of compulsory process to secure the attendance of unwilling witnesses. This outcome highlights the error caused by application of the wrong standard of review to Judge Payne's findings, particularly where the Court reviewed only the objected to portions of those findings.

In discounting IP Bridge's identification of relevant non-party witnesses, this Court cited to three district court decisions, none of which establishes a rule in this District or Circuit that IP Bridge was required to show that its relevant non-party witnesses would be willing to testify at a trial in this action before considering their cost of attendance.[5]  *See* Dkt. No. 157 at 2.  To the extent that any of those three decisions purported to establish such a rule, they would contravene the Fifth Circuit precedent described above.[6]

---

[5] In *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, the Court held that it may not consider the cost of attendance for non-party witnesses absent any indication they are willing.  No 2:17-cv-000513-JRG, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2008).  In reaching that conclusion, the Court cited *only* to a prior decision in *Peteski Products*, paraphrasing the relevant portion of the holding as follows:  "refusing to consider a consultant, non-party witness a willing witness absent indication he was willing or otherwise a party witness, such as an employee."  *Id. at *6.*  In *Peteski Products Inc. v. Rothman*, in analyzing both the cost of attendance for willing witnesses and the availability of compulsory process, however, the Court did not cite to any Fifth Circuit decisions, or to any other decisions.  No. 5:17-cv-00122-JRG, 2017 WL 8943154, at *3 (E.D. Tex. Nov. 13, 2017).  Further, it is unclear from the opinion in *Peteski Products* what non-party the Court refused to consider, and on what basis it so refused.  *See id.*  Likewise, *Seven Networks, LLC v. Google LLC*, also does not support the existence of any such rule.  In that case, the Court merely held, to avoid double counting, that it would have been improper to count identified unwilling third party witnesses (all of whom resided in either the present venue or proposed transferee venue) as willing witnesses where it already had considered them under the compulsory process factor.  No. 2:17-cv-00442-JRG, 2018 WL 4026760, at *9-11 (E.D. Tex. Aug. 15, 2018).  For that proposition regarding double counting, the Court cited to the portion of the *Volkswagen* I opinion that simply recited the relevant private and public interest factors for transfer.  *Id.* at 10.

[6] To the extent that the Federal Circuit's recent dicta was intended to suggest that such a rule exists in this District, that dicta would have been incorrect and unsupported.  *See In re HP*, slip op. 6, n.1 (stating, in a footnote, that "even the Eastern District of Texas's own cases have held that, when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor") (citing *AGIS Software*, 2018 WL 2329752, at *6).  Moreover, *In re HP* bears no resemblance to the present case.  In that case, the district court found that two factors favored transfer and that the remaining factors were neutral.  *See id.*, slip op. 3.  Here, in contrast, Judge Payne found that three factors favored this District, and further found that, given the geographical scattering of Intel's

In addition to failing to give any weight to IP Bridge's non-party witnesses based on a misapplication of the law, the Court failed to give any weight to IP Bridge's party witnesses, for whom this District was shown to be more convenient than the District of Oregon. *See* Dkt. No. 157 at 2; Dkt. No. 131 at 14. The Court did, however, give weight to Intel's party witnesses. Dkt. No. 157 at 2. That, too, was clear error as the Court must consider the convenience of *all* party witnesses. *See Volkswagen* I, 371 F.3d at 204. These errors of law led to the erroneous conclusion that, contrary to Judge Payne's findings, the cost of attendance for willing witnesses "slightly" favored transfer, "if at all." Reconsideration is needed to correct these manifest errors.

### 3.   The Court Clearly Erred By Also Applying *De Novo* Review to Magistrate Judge Payne's Weighing of the Convenience Factors

The Court also clearly erred by failing to apply the "clearly erroneous or contrary to law" standard to its review of Judge Payne's balancing of the relevant private and public interest factors, and his resultant determination that Intel had failed to meet its burden for transfer.

In his Report, Judge Payne made various findings regarding the eight applicable public and private interest factors and, based on those findings, weighed the various factors to determine whether Intel had satisfied its burden. Dkt. No. 131 at 8-18. Like his determinations about the cost of attendance for willing witnesses, Judge Payne's findings were made against the backdrop of substantial briefing, evidence, and oral argument, and his prior supervision of related litigation between IP Bridge and Broadcom for 19 months, including through the pretrial conference, that included overlapping patents, technology, and claim construction, and likely will involve overlapping evidentiary issues.[7] The factually intensive inquiry that Judge Payne performed on

---

technical documents across its fabrication facilities, several of which are closer to this District, access to sources of proof weighed only slightly in favor of transfer. *See* Dkt. No. 131 at 8-18. Likewise, judicial economy was neutral in *In re HP*, whereas here, Judge Payne recognized the overlap with the *Broadcom* suit that settled on the eve of trial, and weighed that factor in favor of this District. *Id.* at 15-16.

[7] The *Broadcom* suit involved two of the same patents asserted here. *See Godo Kaisha IP Bridge 1 v. Broadcom Ltd., et al.*, No. 2:16-cv-00134 (E.D. Tex.) ("*Broadcom* suit"), Dkt. No. 1. All of the patents in suit here, and five of the six patents asserted in the *Broadcom* suit, relate to the fabrication of semiconductor

Intel's non-dispositive motion, and his weighing of the evidence across eight different factors, is precisely the type of analysis protected from *de novo* review both by Congress, in advancing the efficient administration of justice, and by the Fifth Circuit. *See* 28 U.S.C. § 636(b)(1)(A); *Moore*, 755 F.3d at 806; *accord Haines*, 975 F.2d at 91.

This Court did not find that Judge Payne's weighing of the factors was either clearly erroneous or contrary to law, and yet still set aside his judgment.  Problematically, the Court weighed the factors anew without proper deference to Judge Payne's analysis. Dkt. No. 157 at 1, 3.  Indeed, by stating that the Report found this case to present a "close call" in its analysis of the convenience factors, Dkt. No. 152 at 2, where the Report itself said no such thing, this Court demonstrated that it was substituting Judge Payne's judgement with its own.  Furthermore, in characterizing the Report as presenting a "close call," the Court cited only to page 18 of the Report. Dkt. No. 157 at 2.  But that page, which summarized the Court's findings, contained a clear typographical error.  While Judge Payne's conclusion stated that only two factors weighed in favor of transfer, that two weighed against transfer, and that the rest were neutral, Judge Payne's foregoing ***analysis*** clearly shows that he actually found ***three*** factors weighed against transfer— convenience of witnesses, judicial economy, and administrative difficulties flowing from court congestion. *See* Dkt. No. 131 at 14-16.  Nothing in the Report indicates that the analysis of convenience presented a "close call."  The Court clearly erred by failing to give Judge Payne's weighing of the factors appropriate deference.

---

chips, and more particularly, to the structure and fabrication of the submicroscopic features of those chips, such as transistors, dielectric films, and interconnections.  *See* Dkt. No. 52 at 4-5; *compare* Dkt. No. 1 (complaint) *with Broadcom* suit, Dkt. No. 1 (complaint).  The parties agreed to the constructions ordered in *Broadcom* for the overlapping '980 and '696 patents and proposed construction of those terms that were similar to ones at issue in *Broadcom* suit.  *Compare* Dkt. No. 143 (claim construction order) *with Broadcom* suit, Dkt. No. 105 (claim construction order).  Finally, the pretrial evidentiary issues likely will overlap in light of the overlap in accused technologies, patents, and plaintiff.  *See* Dkt. No. 52 at 4.

4.     **The Court Clearly Erred by Granting Intel's Motion, Having Not Found That Intel Had Demonstrated That The District of Oregon is *Clearly* More Convenient**

Even if the application of *de novo* review to Judge Payne's decision on transfer was proper, and even if the Court did not contravene Fifth Circuit law by discounting relevant third party witnesses and failing to consider IP Bridge's party witnesses, still the Court's Order was clearly erroneous:  the Court granted Intel's motion yet did not find that Intel had met its significant burden of showing that the District of Oregon is ***clearly*** more convenient.  *See* Dkt. No. 157 at 3; *cf. Volkswagen* II, 545 F.3d at 315.  And given this Court's Order, together with Judge Payne's findings to which Intel did not object, any such finding itself would have been clear error.

Here, the Court merely found that the "balance of the convenience factors favor transfer" without any finding that Intel had met its burden of proving that the transferee venue is "clearly more convenient."  Dkt. No. 157 at 3.  In so doing, the Court clearly erred by failing to apply the appropriate legal standard.

Finding the District of Oregon to be the clearly more convenient venue would be clearly erroneous, when comparing the Court's finding in its Order with those findings in the Report to which Intel did not object.  Intel did not object to, and thus waived any right to contest, Judge Payne's findings on five of the eight convenience factors.  *See* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *see also Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) (noting the "firm waiver rule" when a party fails to file timely objections to a magistrate judge's recommendations) (citation omitted).  As to those five factors, Judge Payne found that one weighed against transfer, one weighed in favor of transfer, and the other three were neutral.  As to the remaining factors, this Court found that judicial economy weighed against transfer, that ease of access to sources of proof only somewhat favored transfer, and, reversing Judge Payne, that cost of attendance for willing witnesses weighed slightly in favor of transfer "if at all."  Dkt. 157 at 2-3.

In short, this Court found there to be factors on both sides of the ledger and that one factor, willing witnesses, which otherwise favored transfer only "slightly," might have no weight at all. That is far from finding the District of Oregon to be a ***clearly more convenient*** venue. *Cf. In re Toyota*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (ordering transfer only where no factors weighed against transfer); *In re HP*, slip op. at 4-7 (same).  Moreover, the Federal Circuit has repeatedly held that judicial economy, which both the Report and Order found weigh against transfer, may be determinative of a motion to transfer venue. *E.g.*, *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346-47 (Fed. Cir. 2010).  In those circumstances, in light of the factual findings made (and setting aside the Court's other errors described herein), it would have been clear error to find that Intel had met its burden of showing that District of Oregon is clearly more convenient that this District.

### B.    Reconsideration Also Is Appropriate Because The Court's Order Subverts the Important Role That Magistrate Judges Play and the Purpose Behind the Federal Magistrates Act

Across the country, magistrate judges play a vital role in relieving the burden imposed on district judges from many pretrial and trial matters—especially in districts with unnecessary Article III vacancies.  In the Eastern District of Texas, with the high volume of cases and the Article III judicial vacancies, magistrate judges carry an enormous pretrial docket.  For example, 60% of the civil actions filed in the Marshall Division are automatically refereed to Judge Payne for all pretrial purposes.  *See* Referral Order RG-72.[8]  This District's heavy docket necessitates the active participation of magistrate judges in all aspects of a lawsuit, and the efficiency created through these partnerships is founded on the parties' security in relying upon the non-dispositive, pretrial rulings of magistrate judges.  Given the relative speed of litigation in this District, parties are comforted by the assignment of cases to magistrate judges because parties can rely on the fact

---

[8]http://www.txed.uscourts.gov/sites/default/files/judgeFiles/RP%20-%20Referral_Order_12-11-2013.pdf.

that the magistrate judges' non-dispositive rulings will remain intact unless they are clearly erroneous or contrary to law.

Given the high volume of transfer motions filed in this District, the magistrate referral system works only if district judges can and do defer to the magistrate judges' findings unless clearly erroneous. If parties were permitted *de novo* review for every finding in a non-dispositive pretrial ruling of a magistrate judge, the efficient system currently in place would be overrun by constant objections and motion practice requesting *de novo* review of every such decision. Allowing costly *de novo* review to invade the non-dispositive review process would rob the parties of the efficiency gained through pretrial access to elite magistrate judges, and it would ultimately undermine "the overall goal of the Magistrates Act and its amendments of increased efficiency in civil proceedings." Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3069; *see also* FED. R. CIV. P. 1. Such review would also contravene Congress's determination to provide different standards of review for dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1).

## V.   CONCLUSION

For these reasons, IP Bridge respectfully requests that this Court reconsider its Order granting Intel's motion to transfer venue, reverse that Order, and adopt Magistrate Judge Payne's Report & Recommendation in full.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H Doan
State Bar No. 08809050
Joshua R. Thane
State Bar No. 24060713
J. Randy Roeser
Texas Bar No. 24089377
Kyle R. Akin
Texas Bar No. 24105422
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: rroeser@haltomdoan.com
Email: kakin@haltomdoan.com

James R. Batchelder
(CA Bar. 136347)
(Eastern District of Texas Member)
Andrew N. Thomases
(CA Bar No. 177339)
(Eastern District of Texas Member)
Andrew T. Radsch
(CA Bar No. 303665)
(Eastern District of Texas Member)
Christopher M. Bonny
(CA Bar No. 280554)
(Eastern District of Texas Member)
Joseph B. Palmieri
(CA Bar No. 312725)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090
james.batchelder@ropesgray.com
andrew.thomases@ropesgray.com
andrew.radsch@ropesgray.com
christopher.bonny@ropesgray.com
joseph.palmieri@ropesgray.com

Alexander E. Middleton
(Eastern District of Texas Member)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
alexander.middleton@ropesgray.com

**ATTORNEYS FOR GODO KAISHA IP
BRIDGE 1**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Pursuant to Local Rule CV-5(c), all counsel of record were served a true and correct copy of the foregoing document by electronic mail on this the 3rd day of October, 2018.

*/s/ Jennifer H. Doan*
Jennifer H. Doan